UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

| | |
|---|---|
| Lisa Scott, | Court File No. _____ |
| Plaintiff, | **COMPLAINT** |
| | **AND DEMAND FOR A JURY TRIAL** |
| v. | |
| CSL Plasma, Inc., formerly ZLB Plasma, | |
| Defendant. | |

Plaintiff Lisa Scott, through her attorneys, John A. Klassen, PA, 700 Lumber Exchange, 10 South Fifth Street, Minneapolis, Minnesota, 55402, Muller & Muller, PLLC, 3109 West 50th Street, No. 362, Minneapolis, Minnesota 55410-2102, and Gender Justice, 550 Rice Street, Suite 105, St. Paul, Minnesota  55103, for her Complaint against the above-named Defendant, states and alleges as follows:

## NATURE OF CLAIM

1. This is an action to secure relief for violations of rights guaranteed by the Minnesota Human Rights Act, Minn. Stat. § 363A.01 et seq. ("MHRA"), specifically, Minn. Stat. §363A.17, which prohibits discrimination in business transactions in the State of Minnesota.

## JURISDICTION AND VENUE

2. Plaintiff brings this action under, and jurisdiction thereof is conferred on this Court, by virtue of 28 U.S.C. § 1332 on the bases of diverse citizenship of the parties and the amount in controversy exceeding $75,000.

## PARTIES

3. Plaintiff Lisa Scott ("Plaintiff") is an adult male-to-female transgender woman who now and at all times relevant was a resident of Hennepin County, State of Minnesota, and a citizen of the United States.

4. Defendant CSL Plasma, Inc. ("CSLP"), formerly known as ZLB Plasma Services, Inc., is a Delaware corporation, with its headquarters located at 5201 Congress Avenue, Suite 220, Boca Raton, Florida 33487. At all times material herein, CSLP owned and operated for-profit human plasma collection centers in Minnesota.

## FACTS

5. Plaintiff identifies as female but was labeled male at birth and given a male birth name. In 2005, as part of a transition process, Plaintiff changed her legal name to Lisa Scott. The following year, she underwent a medical procedure known as gender-reassignment surgery.

6. At no point, either before or after her transition process, has Plaintiff ever engaged in high-risk sexual activity.

7. At no point, either before or after her transition process, has Plaintiff ever been a gay man or engaged in any sexual contact with men.

8. On November 17, 2008, Plaintiff went to CSLP's plasma collection center at 1026 Washington Avenue Southeast, in Minneapolis, Minnesota for the purpose of donating plasma in exchange for a monetary payment to her by CSLP.

9. CSLP operates and advertises the plasma center on Washington Avenue as a for-profit business.

10. Plaintiff spent approximately five hours undergoing pre-plasma donation screening by CSLP, including various tests and questionnaires.

11. Plaintiff was told by CSLP staff that she met all of the requirements to donate plasma to CSLP in exchange for money, a business transaction.

12. Plaintiff was given a final screening by a CSLP triage nurse who inquired why Plaintiff was taking the prescription medicine Estradiol, which is an estrogenic hormone. When the nurse asked Plaintiff if she was taking it for menopause symptoms, Plaintiff replied that she was taking it as part of her post-gender-reassignment-surgery treatment and that she was both medically and legally female.

13. CSLP's triage nurse responded to Plaintiff's explanation of her use of estrogen by stating, "You people can't give plasma….we can't take plasma from your type."

14. CSLP's triage nurse then denied Plaintiff the opportunity to complete the pre-donation screening process and stated that Plaintiff had had sex with men and that she had "taken part in risky behaviors."

15. CSLP refused to permit Plaintiff to engage in the business transaction with it on the basis of Plaintiff's gender identity and transgender status.

16. On October 9, 2009, within the 365 day limitations period for claims brought under the Minnesota Human Rights Act, Minn. Stat. §363A.01 et seq., Plaintiff filed a charge of business discrimination against CSLP for violating her rights in the area of business transactions, as protected under Minn. Stat. § 363A.17 and § 363A.03, subd. 44.

17. On June 25, 2010, the Minnesota Department of Human Rights made a Probable Cause determination after finding evidence to support Plaintiff's assertion that CSLP had engaged in unlawful discrimination in violation of the Minnesota Human Rights Act (Minn. Stat. § 363A.17) by denying Plaintiff the opportunity to donate plasma at CSLP because of Plaintiff's "sexual orientation" (as that term is defined in Minn. Stat. § 363A.03, subd. 44, to include

3

"having or being perceived as having a self-image or identity not traditionally associated with one's biological maleness or femaleness").

18. On October 18, 2010, the Minnesota Department of Human Rights reaffirmed its June 25, 2010 Probable Cause finding when it denied CSLP's appeal of the finding and denied CSLP's request for reconsideration.

19. After efforts to conciliate Plaintiff's charge of discrimination failed, the State of Minnesota retained the charge under its jurisdiction until Plaintiff voluntarily requested and received a Notice of Right to Sue on or about July 31, 2013.

20. This litigation is now filed within the 90-day limitations period under the Minnesota Human Rights Act, Minn. Stat. § 363A.01 et seq.

21. As a direct and proximate result of CSLP's unlawful actions, Plaintiff has lost business opportunities, suffered monetary damages, and suffered embarrassment, humiliation, emotional pain and anguish, and loss of enjoyment of life and other compensatory damages. CSLP engaged in this conduct against Plaintiff with malice or reckless indifference to her rights.

**COUNT I**
**BUSINESS DISCRIMINATION – SEXUAL ORIENTATION DISCRIMINATION**
**MINNESOTA HUMAN RIGHTS ACT, MINN. STAT. § 363A.17**

22. Plaintiff re-alleges the foregoing paragraphs as though fully set forth herein.

23. The Minnesota Human Rights Act, Minn. Stat. § 363A.17, provides that:

> It is an unfair discriminatory practice for a person engaged in a trade or business or in the provision of a service:
>
> (3) to intentionally refuse to do business with, to refuse to contract with, or to discriminate in the basic terms, conditions, or performance of the contract because of a person's race, national origin, color, sex, sexual orientation, or disability, unless the alleged refusal or discrimination is because of a legitimate business purpose.

24.     Plaintiff is a transgender woman and for purposes of the definitions set forth in the Minnesota Human Rights Act ("MHRA"), Minn. Stat. §363A.03, subd. 44, she is protected from discrimination based upon her "sexual orientation," since the statute expressly defines that term to include:

> [H]aving or being perceived as having a self-image or identity not traditionally associated with one's biological maleness or femaleness.

Equivalently, Plaintiff is protected from discrimination on the basis of her gender identity and transgender status, since those are subsumed under the statutory definition of "sexual orientation."

25.     The conduct of CSLP described herein constitutes business discrimination against Plaintiff on the basis of her gender identity and transgender status in violation of the MHRA. CSLP perpetrated this business discrimination with malice or reckless indifference to Plaintiff's rights.

26.     As a result of these acts of discrimination Plaintiff has been harmed; she has lost rights; she has been refused the basic terms, conditions and performance of the contract because of her gender identity and transgender status; and she has suffered and will continue to suffer lost benefits of the contract, monetary damages, emotional pain and anguish, and compensatory damages in an amount in excess of $75,000.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays:

A.  That the practices of CSLP complained of herein be adjudged, decreed and declared to be violative of the rights secured to the Plaintiff by Minnesota Statute § 363A.01 et seq.

B.  That a permanent mandatory injunction be issued requiring that CSLP adopt practices in conformity with the requirements of Minnesota Statute § 363A.01 et seq.

C.  That a permanent prohibitory injunction be issued prohibiting CSLP from engaging in the practices complained of herein.

D.  That Plaintiff is awarded compensatory damages in an amount to be established at trial.

E.  That the Court retain jurisdiction until such time as the Court is satisfied that CSLP has remedied the practices complained of herein and is determined to be in full compliance with the law.

F.  That the Court order CSLP to pay counsel for the Plaintiff her reasonable attorneys' fees and the costs and expenses of this action.

G.  That Plaintiff be awarded such other and further legal and equitable relief as may be found appropriate, just and/or equitable, including punitive damages.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues triable of right by a jury.

Date:  September 23, 2013        **JOHN A. KLASSEN, PA**

*s/John A. Klassen*
John A. Klassen (No. 24434X)
700 Lumber Exchange Building
10 South Fifth Street
Minneapolis, MN 55402
john@jaklaw.com
Phone: (612) 204-4533

**MULLER & MULLER, PLLC**
Andrew P. Muller (No. 32467X)
3109 West 50th Street, No. 362
Minneapolis, MN 55410-2102
apmuller@themullerlawfirm.com
Phone: (612) 604-5341

**GENDER JUSTICE**
Jill Gaulding (No. 388751)
Lisa Stratton (No. 236858)
550 Rice Street, Suite 105
St. Paul, Minnesota  55103
jill.gaulding@genderjustice.us
lisa.stratton@genderjustice.us
Phone: (651) 789-2090

**ATTORNEYS FOR PLAINTIFF**