UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Lisa Scott,

        Plaintiff,

v.                                                 Civil No. 13-2616 (JNE/BRT)
                                                     ORDER

CSL Plasma, Inc.,

        Defendant.

---

Lisa Scott is a transgender woman who alleges that she attempted to give plasma at a collection center run by defendant CSL Plasma, Inc. ("CSL") but was rejected because she is transgender. She alleges that this rejection violated the business discrimination provision of the Minnesota Human Rights Act ("MHRA"), Section 363A.17. Additional background can be found in the Court's order denying CSL's motion for summary judgment on the ground that there was a genuine dispute of material fact on the record before the Court as to why Scott was rejected ("Summary Judgment Order"). Dkt. No. 75. This case is set to begin trial on March 7, 2016. Both parties have filed motions *in limine*. The Court addresses each in turn.

**1.  Unopposed Motions**

The Court first turns to unopposed motions. Scott did not oppose CSL's Motion *in Limine* to Exclude Facebook Photos [Dkt. No. 93] or CSL's Motion *in Limine* to Exclude Testimony of Plaintiff's Expert [Dkt. No. 88]. Scott did not file oppositions to either of these two motions, and acknowledged at today's pretrial conference that she did not oppose them. *See also* Dkt. No. 122, at 1 n.1.[1]  CSL's two unopposed motions are GRANTED.

---

[1] To the extent that Scott intended an aside in the footnote to serve as a partial opposition to the Motion *in Limine* to Exclude Facebook Photos ("Plaintiff does not oppose Defendant's

### 2.     CSL's Motion *in Limine* to Limit Damages and Evidence of Future Donations of Plasma [Dkt. No. 91]

CSL moves "for an order limiting Plaintiff's damages and evidence of future donations of plasma." Dkt. No. 91.  CSL asserts that even if it is found liable, Scott's damages should be limited to the narrow window of November 17, 2008 through November 30, 2008, because on December 1, 2008, CSL's new policy of deferring essentially all transgender donors became formally effective.  Def.'s Mem. 2, Dkt. No. 92.  CSL first argues that "Scott's claims for damages based upon lost donation opportunities after November 30, 2008 are beyond the scope of the issues the Court has reserved for trial," referring to the Court's Summary Judgment Order.  That order, however, addressed questions of liability, not damages.  Second, CSL argues that Scott "has not presented any evidence or testimony of what those damages might be and has identified no expert witness who could support that claim." *Id.* at 3.  Scott will have to prove her damages at trial.  CSL may object to any such evidence as it comes in and has other procedural tools available to it to challenge the sufficiency of the evidence after Scott's case has been presented.  This motion is DENIED without prejudice.

### 3.     Scott's Motion *in Limine* #1 to Exclude Evidence Disputing Judicially-Admit[t]ed Facts [Dkt. No. 108]

Scott moves for an order precluding CSL from introducing any evidence at trial to dispute certain facts that Scott contends should be considered judicially admitted.  Scott does not cite any rule of evidence in support of this motion.  She relies on statements made by CSL's counsel at oral argument and in briefing for the motion for summary judgment, as well as the Court's discussion of undisputed facts on the record before it at that procedural stage, applying

---

motion to exclude the Facebook photos of Tina Erickson from evidence . . . , other than as they may become relevant for impeachment purposes . . . ."), this footnoted remark, without any reasoning, is inadequate to successfully oppose CSL's motion.  *See Glickert v. Loop Trolley Transp. Dev. Dist.*, 792 F.3d 876, 883 (8th Cir. 2015).

the standard for summary judgment.  *See* Dkt. No. 109, at 2-3.  The statements identified do not do not have "sufficient formality or conclusiveness to be considered a judicial admission." *Bannister v. Delo*, 100 F.3d 610, 622 n.12 (8th Cir. 1996) (quoting *Rowe Int'l, Inc. v. J-B Enterprises, Inc.*, 647 F.2d 830, 836 (8th Cir. 1981)).  Scott may, of course, attempt to prove these asserted facts at trial.  The motion is DENIED.

4.  **Scott's Motion *in Limine* #2 to Exclude Testimony of Undisclosed Witnesses and to Limit the Testimony of Others [Dkt. No. 111]**

Scott moves for a multi-part order precluding CSL from the following: (1) eliciting testimony that any person besides nurse Tina Erickson had any input into Defendant's decision to refuse to do business with Plaintiff; (2) eliciting testimony from Dr. Exequiel Bravo about the reasons why Defendant refused to do business with Plaintiff; (3) calling as witnesses at trial Dr. John Knowles and Holly Wahlberg; and (4) eliciting testimony, including expert testimony, about the reasons for its policy governing the acceptance of plasma from transgender persons, or about its understanding of FDA guidelines governing the purchase of plasma, without first showing that Tina Erickson actually followed Defendant's policy or such FDA guidelines.

The first request is based on Scott's interpretation of an interrogatory.  Pl.'s Mem. 4, Dkt. No. 112.  The Court finds Scott's interpretation of that interrogatory to be too broad, and therefore cannot agree that CSL's responses, as articulated in Scott's brief, were deficient or that any testimony should be excluded on that ground.  The Court DENIES this part of the motion.

The second request seeks to limit the scope of testimony of a witness that both parties intend to call, Dr. Bravo, on the asserted ground that he lacks an appropriate foundation to testify about "why Defendant refused to do business with Plaintiff."  *Id.* at 4.  However, Scott's own witness list indicates that she may ask him to testify about "his role, if any, in the screening and deferral of Plaintiff . . . ." Dkt. No. 101, at 2.  The Court determines that any objections to the

foundation for Dr. Bravo's testimony will be better addressed in the context of his testimony at trial, and therefore DENIES this part of the motion without prejudice.

The third request seeks to exclude two witnesses, Dr. John Knowles and Holly Wahlberg, on the basis that CSL did not properly disclose them during discovery. The Court notes that CSL offers no justification for failing to formally disclose these two witnesses earlier and does not take lightly the allegations that CSL has violated the Federal Rules of Civil Procedure. However, it does not appear that Scott will be prejudiced or harmed by the appearance of either witness. CSL represented orally that it is not likely to call Dr. Knowles. His testimony is anticipated to overlap substantially with the substance of another witness' deposition testimony and other submissions (Dr. Toby L. Simon, whom CSL expects to call as a witness). And CSL represents that Ms. Wahlberg will testify primarily to authenticate documents; the Court fails to see how such limited testimony would prejudice Scott. Therefore, the Court DENIES this part of the motion.

The last request seeks to impose an order of proof, prohibiting Defendant from introducing evidence on a topic seemingly relevant to its defense without first establishing certain foundational facts. The Court DENIES this part of the motion. Scott may object as appropriate at trial.

> 5. **Scott's Motion *in Limine* #3 to Exclude "Same-Decision" Evidence [Dkt. No. 114]**

Scott argues that a "defendant found to have engaged in intentional discrimination in violation of the MHRA cannot escape liability by showing that it would have made the same[] decision, even if it had not intentionally and illegitimately discriminated against the Plaintiff." Pl.'s Mem. 1, Dkt. No. 115. The only cases Scott cites in support of her motion, *Anderson v.*

*Hunter, Keith, Marshall & Co.*, 417 N.W.2d 619 (Minn. 1988) and *Kennedy v. Heritage of Edina, Inc.*, No. CIV. 13-71 DSD/HB, 2015 WL 420169 (D. Minn. Feb. 2, 2015), do not compel the legal conclusion she advances, because neither concerns the specific provision of the MHRA at issue in this case, the business discrimination provision (Minn. Stat. § 363A.17(3)), or the statutory defense at issue in this case, the "legitimate business purpose" defense.  Scott does not convincingly explain what "same decision" evidence she has in mind or why it must be excluded categorically before trial begins.  For these reasons, this motion is DENIED.  Scott may resume her legal argument with regard to jury instructions.

> 6. **Scott's Motion *in Limine* #4 to Exclude Certain of Defendant's Exhibits [Dkt. No. 105]**

Last, Scott moves to exclude a list of specific exhibits for lack of foundation, as hearsay, and/or on relevance grounds, and objects that some may be prejudicial.  These objections are more appropriately addressed at trial.  This motion is therefore DENIED without prejudice.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

> 1. The motions *in limine* are decided as set forth above.

Dated: March 3, 2016                                   s/ Joan N. Ericksen
                                                    JOAN N. ERICKSEN
                                                    United States District Judge